ROBERT LEE DICKSON *v.* STATE OF INDIANA.

[No. 1175S351. Filed November 10, 1977.]

*Michael T. Conway,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *James N. Shumacker,* Deputy Attorney General, for appellee.

DeBruler, J.—Most of the issues presented by this appeal were resolved against appellant in a written opinion appearing as *Dickson* v. *State,* (1976) 265 Ind. 325, 354 N.E.2d 157. The appeal was however held in abeyance over the dissent of two Justices and remanded to the trial court to conduct a hearing upon the issue of whether the defense had deliberately by-passed pre-trial suppression procedures required by local court rule, thereby waiving the right to challenge the legality of identification evidence at trial. Pursuant to an evidentiary hearing, the trial court concluded that the defense had not deliberately by-passed the local procedures, and upon further order by this Court conducted a hearing upon the motion to suppress the in-court identification of appellant by the robbery victim. Such hearing resulted in a determination by the trial court that the in-court identification was not tainted by the unnecessarily suggestive pre-trial identification procedure employed by police. Appellant, while seated in a room surrounded by armed police officers, had been viewed by the victim and the victim had been asked to and did identify appellant as the gunman.

A trial identification need not be suppressed if upon consideration of the totality of circumstances surrounding the identification, it is not the product of "irreparable misidentification" occasioned by the faulty police procedures employed. *Parker* v. *State,* (1976) 265 Ind. 595, 358 N.E.2d 110; *Whitt* v. *State,* (1977) 266 Ind. 211, 361 N.E.2d 913. The description of the robbery in our first opinion reveals that the witness observed the robber for a period of from three to five minutes in a lighted A & P store at close quarters. He later viewed 2000 mugshots, but did not identify any, but picked out several which bore a resemblance

to the gunman. From these the police took a suspect into custody, and the witness viewed him and exonerated him. The police then showed him five or six color mugshots and the witness picked appellant's photo from among them as the gunman. After this the one-on-one confrontation occurred. The trial judge specially found that upon testifying the witness "fully comprehended the danger of error and was quite sensitive to the enormity of injustice an error in these circumstances would visit on the defendant."

Under these circumstances there was no error in admitting the victim's in-court identification of appellant and the evidence serving to identify appellant as the gunman was clearly sufficient.

The conviction is now, therefore, affirmed.

Givan, C.J., and Prentice, J., concur; Hunter, J., concurs in result; Pivarnick, J., not participating.

NOTE.—Reported at 368 N.E.2d 1358.